J. J. PYLES v. THE STATE.

No. 15920. Delivered May 10, 1933.
Reported in 60 S. W. (2d) 230.

The opinion states the case.

*Tom L. Walker,* of Nocona, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale; punishment being confinement in the penitentiary for one year and a day.

Under authority of a search warrant, officers went to appellant's house. As they drove up, one of the officers saw appellant some 40 or 50 yards back of his residence, and saw him put a bottle in some weeds. The bottle was secured, and was found to be a pint bottle three-quarters full of corn whisky. Another full pint of whisky was found in a tub in the house. When the officers got in the house, a boy broke two pint bottles by hitting or throwing them against a hot stove; the whisky from these bottles ignited and caused quite a blaze. A number of empty pint and half-pint bottles were found in the house. It was also in evidence that a great many cars were seen to stop at appellant's house both day and night, and, after the cars would leave, some of the occupants were intoxicated, and the odor of whisky noticeable on the breath of others.

Appellant admitted ownership of the whisky he had in the yard, and of the bottle found in the tub. He explained that his wife and boy had "gotten after" him for drinking so much, and that he slipped the bottle out in the yard so he could take a drink without them knowing it. He denied knowing anything about the presence in the house of the bottles of whisky which the boy broke on the stove.

Three bills of exception are brought forward. Bills one and two complain because the court permitted the state to elicit from the officers testimony to the effect that just before the search was made many cars were observed to stop in front of

appellant's house; that the names of some of the parties who frequently went there were known to one of the officers, which officer testified that he had "known of parties going there sober and coming away with liquor on their breath or under the influence of liquor, many of them." The objection urged to such evidence was that it was irrelevant and immaterial, and was seeking to establish circumstances and conditions that may have existed prior to the date of the alleged violation for which the defendant was upon trial. We think the court committed no error in admitting the testimony complained of. It revealed circumstances which threw light upon the purpose for which the whisky was kept by appellant. The circumstances were not shown to be so remote in point of time as to render proof of them improper on the issue indicated.

Bill number three is incomplete. It brings forward complaint because the state was permitted to ask appellant on cross-examination, "What is the source of supply of this whisky; where do you get it?" The question was objected to as being irrelevant, immaterial, and prejudicial. The bill recites that the objection was overruled and that testimony was elicited from appellant upon said question, but the bill is defective in not incorporating therein the evidence deemed to have been improperly elicited. See many cases collated in section 210, Branch's Ann. Tex. P. C., and section 211, vol. 4, Texas Jurisprudence.

The judgment is affirmed.

*Affirmed.*